**N.J.W., Appellant,**

v.

**W.E.W., Respondent.**

**No. KCD 29930.**

Missouri Court of Appeals, Western District.

June 29, 1979.

Ken P. Seck, Kansas City, for appellant.

Charlotte P. Thayer, Thayer, Gum, Ernst & Wickert, Grandview, for respondent.

Before SHANGLER, P. J., and WASSERSTROM and CLARK, JJ.

WASSERSTROM, Judge.

This case was brought to dissolve a marriage of eight years duration, to which three daughters were born. The trial court decreed dissolution, awarded custody of all three children to the husband and ordered a division of the marital property. The wife appeals, claiming error as follows: (1) that the court made no findings of fact and conclusions of law although requested to do so; (2) that the court abused its discretion in awarding child custody to the husband; (3) that the court failed to exhaust its jurisdiction because it made no disposition of marital debts and obligations; and (4) that the court abused its discretion by not making a just distribution of property and by not allowing maintenance and attorney's fees to the wife.

## I.

▮ The wife's brief states that "the Trial Judge failed to provide Findings of Fact and Conclusions of Law concerning his rulings on custody although requested to do so." The quoted statement is not accurate. At the time the court awarded custody, it made the following oral finding: "I do not feel, at this time, that Mrs. W. [the wife] has demonstrated the type of concern that would justify my placing the children with her." Subsequently, as part of the formal judgment entry, the court found "that the Respondent [the husband] is entitled to the care, custody and control of said minor children and that their best interests will be served by such award of custody."

The wife cannot legitimately complain of lack of any greater particularity by way of findings. Rule 73.01–1(b) requires only that a court trying a case without a jury make "findings on such controverted fact issues as have been specified by counsel." The wife's counsel never did request any particular findings on specified issues. His request was limited to the statement: "I would ask for a findings of fact and conclusions of law." Beyond this the only request by the wife's lawyer was the further statement, "Your Honor, I did ask for findings of fact and conclusions of law." Immediately after the request just quoted, the court suggested "submit me proposed findings of fact and conclusions of law, and I will go from there." The record does not show any proposed findings submitted on behalf of the wife nor any other further request in this regard. The wife's first point has no merit.

## II.

▮ The wife anchors her position with respect to custody of the children in the legal presumption that all other factors being equal, the best interest of children of tender years is to be in the custody of the mother. However, that presumption is by no means conclusive, and each custody case must be decided as a factual matter on all of the evidence presented. *In re Marriage of Bussman*, 572 S.W.2d 228 (Mo.App.1978); *In re Marriage of H.B.*, 559 S.W.2d 73 (Mo.

App.1977); *R.G.T. v. Y.G.T.*, 543 S.W.2d 330 (Mo.App.1976); *Johnson v. Johnson*, 526 S.W.2d 33 (Mo.App.1975).

In the present case there was evidence of several other relevant factors. By way of background, the evidence shows without dispute that the wife left her home and children in 1973 to make a trip to California with two truck drivers, at which time she was gone for a period of from about two weeks to a month. That might possibly be considered as closed ancient history, except for more recent conduct on her part of a somewhat comparable nature. Thus, after the final separation from her husband, she confessedly began living with her male friend on a regular basis in his apartment, and she continued to do so up to the time of the final hearing of this case. Along with the admission of this relationship, she brazenly stated in her testimony that she had no intention of marrying this man, although she introduced her children to him. Also to be considered is the fact that the wife has been pursuing part time employment at night as a disco dance instructor for which she is paid in part by an allowance for her bar bills. Although sexual misconduct has frequently been held not sufficient in and of itself to deprive a mother of the custody of her child or children, her morals nevertheless remain a pertinent factor which can and should be taken into account in determining whose custody will serve the best interest of the child. *J.L.W. v. D.C.W.*, 519 S.W.2d 724 (Mo.App.1975); *V.M. v. L.M.*, 526 S.W.2d 947 (Mo.App.1975).

The evidence also shows that during the period of time that the wife had custody of these children immediately after her separation from her husband, she neglected the children by leaving them with a young babysitter for extended periods of time. On some of these occasions the children had the babysitter call their paternal grandmother, they were crying and saying they had not seen their mother for a long period of time, that there was no food in the house and that they were hungry. In those situations the grandmother had to come to the rescue.

Moreover, after the husband had taken over custody, the wife failed to make known her whereabouts, and the husband was able to locate her address and phone number only by following her from her place of employment at a discotheque to the apartment of her male friend.

Still further, the wife made no effort to talk to the teachers of any of the children or participate in any of the school activities. There were considerable lengths of time during which she made no effort to see or inquire about the children. On many occasions when it had been arranged for her to pick up the children for visitation, the husband and his mother got the children ready, but the wife never appeared.

■ Placement of child custody turns in considerable measure on an evaluation of the qualifications of the respective parents, and as to this evaluation deference is due to the trial court. *R.G.T. v. Y.G.T., supra; Shannon v. Shannon*, 550 S.W.2d 601 (Mo. App.1977). Based on the evidence just summarized, the evaluation made by the trial court does not constitute an abuse of discretion.

The wife complains that the trial court failed to consider certain additional evidence which she tried to get before the court by means of a motion for new trial or to reopen the testimony. The evidence referred to cannot be considered because it was never placed before the trial court and does not appear in the transcript on appeal. What the wife seems to really be complaining about is the failure of the trial court to grant a new trial or to reopen the testimony; but such a complaint is not contained in the Points Relied On and therefore is not present for consideration.

With respect to this matter of custody, the wife has not shown that the trial court misstated or misapplied the law, the finding is supported by evidence and is not contrary to the weight of the evidence. That determination must therefore be affirmed under the standard of *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976).

### III.

■ As her third point, the wife complains that the decree made no stipulation as to which of the parties should pay debts and obligations incurred prior to the dissolution, and she contends that such a division is required by Section 452.330, RSMo 1978. She is mistaken in the latter regard. Section 452.330 requires only that the court "divide the marital property." A debt owed by the spouses does not constitute "property" owned by them. The failure of the decree to provide as to payment of debts is therefore not a fatal defect, although the better practice would be to do so and thereby reduce subsequent dispute and contention.

The existence and extent of debts does, of course, affect the fairness of the way in which assets are divided. That phase of the matter will be considered under Section IV of this opinion.

### IV.

■ The wife's final complaint concerns the distribution of property and the court's declination to award her maintenance or attorney's fees. With respect to property division, the wife received a TV set, a Malibu automobile and her personal effects. The husband received a truck which he used in his business, certain minor items of household furniture, an air conditioner, and a washing machine and dryer. The wife testified that she was willing for the husband to have the furniture for the use of himself and the three children. So far as the truck is concerned, it was subject to a heavy indebtedness which was being retired by the husband. The washer and dryer had been about to be repossessed for default in installment payments, and those payments had been assumed by the husband's parents to prevent repossession. Award of those items to the husband was subject to his repayment to his parents. In addition, the husband was permitted to keep his separate tax refund for the year 1976; but this was offset by the fact that the wife had already received and retained her own separate tax refund for that year.

The division of these rather meager assets does not seem unfair, particularly considering that the husband has responsibility for housing and caring for the children. The court's determination is entitled to affirmance under the standard of *Murphy v. Carron, supra.*

 With respect to the allowance of maintenance and attorney's fees, that depends largely on the relative economic positions of the respective parties, with a broad discretion being accorded to the trial court. *Hebron v. Hebron,* 566 S.W.2d 829 (Mo.App. 1978); *In re Marriage of Galloway,* 547 S.W.2d 193 (Mo.App.1977); *S.G.E. v. R.L.J.,* 527 S.W.2d 698 (Mo.App.1975). The basic facts to be considered are that the husband makes $250 per week gross, has no savings, and has the obligation of caring for three children. The wife, although testifying to physical ailments, has a full time job with the U.S. Department of Agriculture as a data transcriber making $400 per month. She also has supplemental income from her evening occupation as a disco dance teacher. It is reasonable to assume that her living expenses are reduced to at least some extent by the fact that she lives in the apartment of a male friend.

There are debts to be taken into account. A joint judgment of $1,100 exists against the parties arising from foreclosure and sale of an automobile previously owned by them. That judgment is subject to credit for the amount received by the creditor bank at foreclosure sale, but the amount of that credit was not ascertained at the time of trial. There is an indebtedness on the husband's truck, but that is his sole obligation. There is another loan due Western Auto, but the husband is also sole obligor on that obligation. There is a joint obligation on certain household furniture which had been taken over by the wife immediately after the separation of the parties, but that furniture had been subject to a theft for which some insurance recovery in an unascertained amount is being claimed. Finally, there were medical bills incurred by the wife, a substantial part of which were incurred after the separation.

A consideration of all the circumstances does not demonstrate an abuse of the court's discretion. Its determination not to award maintenance or attorney's fees must be affirmed under the standard of *Murphy v. Carron, supra.*

Affirmed.

All concur.