**C. S., Respondent,**

v.

**T. S., Jr., Appellant.**

**No. 43089.**

Missouri Court of Appeals,
Eastern District,
Division Three.

April 13, 1982.

William W. Brown, Bridgeton, for appellant.

Michael E. Sweeney, St. Louis, for respondent.

CRANDALL, Judge.

This is a child custody case in which the father-appellant seeks to obtain custody of his two minor children from their mother-respondent. The trial court denied the father's motion to transfer custody. The single issue raised on appeal is whether, since the prior decree, a change has occurred in the circumstances of the children or their custodian and that the modification is necessary to serve the best interests of the children. Section 452.410, RSMo 1978. We affirm.

In this court-tried case, Rule 73.01(c) requires us to affirm the judgment below unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.banc 1976). We presume that the trial court considered all the evidence and decreed the custody of the children consistent with their best interests, because the trial court is in a better position to judge the credibility of the witnesses, their character and sincerity, and other trial intangibles that the record may not completely reveal. *L____ E____ (S____) v. J____ A____ E____*, 507 S.W.2d 681, 684 (Mo. App.1974). Thus, the trial court's judgment on the motion to modify custody of the children here involved should not be lightly disturbed. *Id.*

The marriage of the parties was dissolved on November 25, 1974. The mother was awarded the primary custody of the minor children born of the marriage; namely, a daughter born November 30, 1970, and a son born November 4, 1971. The father was given visitation and temporary custody rights.

The father filed a motion to modify on July 27, 1978, seeking primary custody of the children. The motion was tried on April 16, 1980 and April 18, 1980, and the trial court entered judgment on May 19, 1980.

There was considerable evidence adduced at the hearing, some of which was disputed, concerning the irresponsible conduct of the mother and father since the dissolution of their marriage. As is too frequently the case, the losers were the children. In spite of the adults' irresponsibility, there was evidence that the children were well cared for, well behaved, and happy. Their physical environment was adequate, and they were treated with affection.

The trial judge in this case was faced with the onerous task of arriving at a decision based upon less than satisfactory alter-

natives. We find no abuse of discretion in his decision. The judgment of the trial court is supported by substantial evidence and is not against the weight of the evidence, nor does any error of law appear. An extended opinion would have no precedential value, and we affirm the judgment in accordance with Rule 84.16(b).

REINHARD, P. J., and SNYDER and CRIST, JJ., concur.