**Jayne Elizabeth RILEY, Appellant,**

v.

**Neil Fisher RILEY, Respondent.**

**No. WD 33232.**

Missouri Court of Appeals,
Western District.

Nov. 30, 1982.

---

William A. Mallory, Columbia, for appellant.

Gary Oxenhandler, Marvin E. Wright, Columbia, for respondent.

Before SOMERVILLE, C.J., and CLARK and TURNAGE, JJ.

CLARK, Judge.

Appellant wife appeals a post-judgment order modifying custody provisions as to children born of her marriage to respondent husband. The original decree of dissolution entered March 24, 1980 awarded custody of the children to the wife and the current order, the subject of this appeal, transfers custody to the husband.

The points on appeal contend first, that evidence as to conduct of the parties subsequent to the original decree but prior to entry of an intervening custody order was erroneously admitted and second, that the evidence failed to demonstrate a substantial and continuing change in circumstances warranting a modification of existing custody provisions. The first point cannot be adequately discussed without some review of the unusual history of the custody dispute as the parties have presented the case in an earlier phase.

At the time the dissolution decree was entered, the parties lived in Columbia, Missouri, the wife and children occupying the family home and the husband living in other quarters. In May, 1980, the wife decided to relocate in California where a man with whom she had been associating was then living. The husband thereupon returned to the family home and has continued to reside in Columbia with the children from that time to the present.

During the summer of 1980, while the wife was uncertain about her personal affairs, the parties entered into an agreement regarding custody of the children. The agreement was reduced to writing and signed July 22, 1980. The agreement purported to be an addendum to the separation agreement made while the dissolution action was pending. The substance of this addendum was recognition of the tacit transfer of custody accomplished by reason of the wife's removal to California. Because the wife was yet unsettled, however, the agreement provided for custody to be in the husband only until May 15, 1981 with restoration of custody to the wife prior thereto on the occurence of various events. If the wife remarried by August 31, 1980, the custody change was to be inoperative. If she remarried by January 1, 1981, custody would revert to her on that date. Regardless of her remarriage, if she returned to live in Columbia, the children were to be restored to her. No provision was made as to custody after May 15, 1981.

The July, 1980 agreement assigned to the husband the responsibility for petitioning the court to modify the dissolution decree respecting custody of the children, as the parties had agreed, and "to obtain the approval and order of the Court therefor." The wife agreed to execute an entry of appearance, waiver of personal service, consent to trial and entry of decree without further notice so that the husband could obtain the approval of the court to the agreement.

On August 6, 1980, the husband filed a motion to modify the decree as to child custody and attached the addendum agreement. The motion was called up for hearing September 8, 1980. The wife was not present or represented and the record is silent as to any notice to her of the hearing. On the same date, apparently based solely

on the addendum agreement, the trial court entered an order approving the addendum which the court "found not to be unconscionable." The parties were ordered to perform the terms of the agreement. No modification of the original decree was declared and no express custody placement was ordered.

In December, 1980, the wife had not yet remarried. She moved back to Missouri from California, but located in Kansas City, rather than Columbia and thus was not entitled to regain custody under the terms of the agreement. She made no claim to custody but did exercise opportunities for visitation. In June, 1981, the wife married her present husband and was living in California at the time the present modification motion was heard. That motion, filed in April, 1981 and heard August 25, 1981, sought modification of the original dissolution decree by a transfer of custody of the children from the wife to the husband.

◼ The first point on this appeal contends the trial court erred when it considered evidence as to conduct of the parties between March, 1980, the date of the original decree, and September, 1980, the date of the court's order approving the addendum agreement, as bearing on changed circumstances warranting a change in custody. The wife argues that evidence of changed circumstances should be limited to events after the last custody order which she contends to have been the order made September 8, 1980. She cites *Brand v. Brand,* 534 S.W.2d 628 (Mo.App.1976) for the proposition that each custody order settles the state of affairs to that date and only events occurring thereafter may be considered relevant to a subsequent motion. The trial court did not agree and admitted evidence of the wife's conduct from and after the date on which the original dissolution decree was entered. The point is material because much of the evidence relied on by the court as demonstrating changed circumstances requiring a change in custody concerned the wife's conduct while the children were in her care from March until May, 1980.

The fallacy in the wife's contention is that the order of September 8, 1980 did not modify the custody provisions of the original decree. It could not have done so because the trial court has no jurisdiction to award custody based only on a stipulation. Despite the agreement, the court was obligated to receive evidence and award custody as appeared to be in the best interests of the children. A stipulation by the parties does not relieve the court of this responsibility.

◼ The court derives its jurisdiction to determine custody of children in marriage dissolution cases from §§ 452.375 and 452.410, RSMo 1978. The trial judge entertains a special obligation as to orders pertaining to custody of minor children and he must act upon evidence adduced. *Williams v. Cole,* 590 S.W.2d 908, 911 (Mo. banc 1979). The court is without jurisdiction to modify an original custody decree on a stipulation entered into by the parties but must conduct a hearing and can only act upon presentation of facts from which it may be determined that a change in custody would be in the best interests of the children. *Fleming v. Fleming,* 562 S.W.2d 168 (Mo. App.1978).

The September 8, 1980 order, based as it was on an agreement by the parties and not on evidence of changed circumstances submitted to the court for evaluation, did not alter the custody provisions of the original decree. That order, at least as respects custody in decretal form, was a nullity. The evidence of events between March and September, 1980, to which the wife objected in the hearing on the present motion, now comes before the trial court for the first time and the court correctly admitted that evidence as bearing on the issue of the custody modification. The wife's objection was properly overruled.

Recognizing the fact that evidence of her conduct between March and September, 1980 has not previously been presented and was not considered as a ground for the September 8, 1980 order, the wife argues, nonetheless, that the facts were known to the husband at the time and it was his

choice not to offer that evidence when the earlier motion was called up for disposition. She cites *J.L.W. v. D.C.W.,* 519 S.W.2d 724 (Mo.App.1975) for the proposition that each judicial determination of custody merges all events to that date in the decree and those events may not be subsequently considered unless the evidence was not produced because unknown to or concealed from the adverse party. She argues that the addendum agreement and the September, 1980 order closed the record on events to that date and that the husband was bound by the agreement not to seek custody other than as the agreement contemplated.

■ Whatever may have been the agreement of the parties as to custody, the duty of the court to assess the facts in the light of the best interests of the children survives. Neither that agreement nor the September, 1980 order can be utilized by the wife to exclude evidence of unfavorable facts which the court has not previously considered in ruling on custody. Where the issue of custody is presented for redetermination, the court may consider material facts existing at the time of the prior order but unknown to or concealed from the court. *McFadden v. McFadden,* 509 S.W.2d 795, 798 (Mo.App.1974). Of course, the application of this doctrine is strengthened here where the purported prior custody order was issued without presentation of the evidence of changed circumstances, but only on the agreement by the parties to revise custody placement.

Additional deficiencies in the September, 1980 order require comment. The addendum agreement which the order directed the parties to perform was interlocutory in that no permanent placement of custody was contemplated. The arrangement for transfer of custody to the husband was at most, only until May 15, 1981 terminable at an earlier date on the wife's remarriage or on restoration of her residence in Columbia. No recognition was given as to how these contingencies affected the best interests of the children or what the effect of uncertain future custody would be upon the stability of their home environment.

The trial court has jurisdiction to decree permanent custody placement of children or, pending that adjudication, to award temporary custody as provided in § 452.-380.1, RSMo 1978. Temporary custody is granted as an adjunct to a "custody proceeding" and is a conditional order entered prior to a trial of the custody issue on the merits. *In Re Marriage of Wineland,* 609 S.W.2d 464, 466 (Mo.App.1980). There is no statutory authority for the court to grant custody alterable upon designated contingent events or to expire at a subsequent date. The September, 1980 order even if considered to be an order for custody, is an anomaly because it does not purport to award permanent custody and could not be a temporary award because there was no permanent custody proceeding pending at the time. In short, the September, 1980 order was entitled to no recognition either as determining child custody or as a factor to be considered in the trial and resolution of the present custody motion.

In her second and final point, the wife contends there was a lack of evidence to support the order modifying custody and the order was against the weight of the evidence. Her argument centers on the contentions first, that substantially all of the evidence unfavorable to her was related to the time period before September, 1980 and not cognizable because of the interim custody order and second, even if that evidence be recognized, her conduct of more recent date shows improvement and a recovery of stability.

■ In the review of an order awarding custody, the appellate court presumes all evidence was considered by the trial court and custody was decreed consistent with the best interests of the children. *C.S. v. T.S.,* 633 S.W.2d 227 (Mo.App.1982). The trial judge is afforded wide discretion in deciding what is in the best interests of a child and greater deference is granted to the lower court's determination when custody of a minor child is involved. *In Re Drew,* 637 S.W.2d 772, 778 (Mo.App.1982). So long as there is credible evidence upon which the trial court can formulate its be-

302

liefs, the appellate court may not substitute its judgment for that of the trial court. *Vogt v. Ketzner,* 634 S.W.2d 583 (Mo.App. 1982).

 As we have earlier discussed, the evidence of the wife's conduct since the date of the dissolution decree was appropriate for consideration in deciding whether the custody order of that decree should be modified. Taking all the evidence into account, the trial court concluded that during the period when the wife had custody, she abused the children verbally, was unable to deal with them as a parent and demonstrated a preference for the daughter over the son. Less than three months after the decree was entered, the wife left the home and the children to take up residence in California and from that date until the present motion was filed, she has left the care and well-being of the children to the husband. The court also found that the children have had no contact with the wife's present husband and become upset when the wife telephones and visits them. The evidence amply supports these findings which, in turn, are consistent with the award of custody to the husband. There is no basis in this record to reverse that result.

The judgment is affirmed.

All concur.