Wilbert DANIELS, Appellant,

v.

Charlie DANIELS, Respondent.

No. 43126.

Missouri Court of Appeals,
Eastern District,
Division Four.

June 26, 1984.

Robert S. Moss, Richmond Heights, for appellant.

Charles R. Oldham, St. Louis, for respondent.

SATZ, Judge.

Wilbert Daniels, the husband, appeals from a decree of dissolution. Charlie Daniels, the wife, filed no brief. The husband's counsel on appeal was not his trial counsel. He must take the record as he finds it and so must we.

Previously, we raised the issue of our jurisdiction sua sponte and dismissed the husband's appeal on the ground it was not timely filed. We then granted the husband's motion for rehearing. After rehearing, we now find his appeal was timely filed and address the appeal on the merits. We affirm in part and reverse and remand in part, with directions.

## PROCEDURAL MATTER

Fourteen days after the trial court entered what appeared to be an incomplete decree of dissolution,[1] the husband filed a Motion to Modify Judgment, or, in the alternative, a Motion for a New Trial. Twenty-nine days later, the court "denied" the motion, and, at the same time, it "amended" the original decree to include requests made by the husband in his motion.[2] The "denial" and "amendment" appear to be in conflict and irreconcilable. Thus, the effect the court intended this order to have is, at best, ambiguous.

Twenty eight days after this order, the husband filed his notice of appeal, stating, in his notice, that his appeal was taken from the original decree and the order "which together constitute the decree of dissolution." If the order denying the husband's motion to modify the original decree and, at the same time, amending the original decree was a new decree, the court had jurisdiction over this new decree for 30 days, Rule 75.01, and the husband's notice of appeal, filed 28 days later, although premature, was timely filed. Rules 81.-05(b) and 73.01(b). If, on the other hand, this order disposing of the husband's Mo-

---

1. The decree ordered:
   "The two (2) Certificates of Deposit held by the Respondent ..., as well as the three (3) Certificates of Deposit now held by Petitioner are to be held in trust for the benefit of the parties minor child, Eldora Wendy, to be utilized for her college education, and any remainder to be delivered to Eldora Wendy when she reaches majority. An appropriate mechanism for the implementing of the trust agreement should be agreed to by both parties, such as the procedure provided by the" [This paragraph ends here. This sentence is incomplete in the decree].

2. This order reads:
   "Defendant's (sic) Motion to Modify Judgment, etc., is denied and overruled. By stipulation of both parties [the Decree of Dissolution is] amended to read: 'any and all Certificates of Deposit heretofore held by either of the parties prior to and on the date of trial ..., shall be considered as held in trust for the sole interest and benefit of their minor child, Eldora Wendy, and upon her request, all the certificates shall be made available to Eldora Wendy to pay for the college and other educational costs of said minor child, Eldora Wendy.'"

tion to Modify was simply the disposition of a Motion for a New Trial or other authorized after trial motion under Rule 81.05, the decree became final for appeal "at the date of disposition" of the Motion, Rule 81.05(a), and the 10 day period for filing an appeal began on that date. Rule 81.04; *See, Schreier v. Schreier*, 625 S.W.2d 644 (Mo. App.1981). Then, the husband's notice of appeal would not be timely filed.

■ The trial court's order disposing of the husband's Motion to Modify is subject to various interpretations, and forceful argument can be made to support each interpretation. Suffice it to say that, after rehearing, we find the trial court considered its original decree incomplete because it had not properly disposed of certain certificates of deposit in issue. By this interpretation, we reconcile the apparent irreconcilable orders of denying modification of the decree and, at the same time, amending it. Simply stated, the denial of the motion was, in effect, a denial without prejudice, and the court simply proceeded to complete the original decree by inserting a new and more complete paragraph concerning certain certificates of deposit. The trial court still had jurisdiction to complete its decree and did so. The husband's notice of appeal filed 28 days later was, therefore, timely. Rules 81.05(b) and 73.01(b); Rule 81.05(a).

### MERITS

At the outset, we note that the relevant evidence adduced at trial is, at best, sparse. Although both the husband and the wife were represented by counsel who filed the parties' financial statements, depositions and interrogatories with answers, neither counsel offered the financial statements into evidence, rarely referred to them and seldom used the depositions or the answers to interrogatories. Thus, the information contained in these documents is, for the most part, not properly before us. *Hopkins v. Hopkins*, 664 S.W.2d 273, 274 (Mo. App.1984). The lack of sufficient evidence requires us to reverse and remand this cause for additional evidence and for the proper disposition of certain life insurance policies and certificates of deposits. However, to the extent the present record allows, we narrow the issues left for remand.

The trial court granted the wife's motion pendente lite. The husband argues this order was void because the record does not show the wife filed a written motion with an accompanying affidavit as required by § 452.315 RSMo 1978. This issue is not before us.

■ This appeal is from the dissolution decree, not an order pendente lite. In a dissolution proceeding, an order pendente lite is a final and appealable order. *E.g. Tzinberg v. Tzinberg*, 631 S.W.2d 681, 682 (Mo.App.1982). The husband failed to appeal from the pendente lite order, and his complaint against that order is not cognizable in this appeal from a final dissolution decree. *Richardson v. Richardson*, 524 S.W.2d 149, 153 (Mo.App.1975); *See Nilges v. Nilges*, 610 S.W.2d 58, 62 (Mo.App.1980).

The husband next complains there was not sufficient evidence to award custody of the parties' daughter, Eldora Wendy, to the wife. We disagree.

■ Arguably, the evidence of the fitness of both husband and wife to care for the daughter was sparse. This, however, is understandable. The daughter was about 18 years old at the time of the hearing, ready to graduate high school and planning to attend college away from home. Neither the husband nor the wife was shown to be unfit. As a matter of fact, the husband had no objection to the daughter living with the wife, he just "would prefer her residing with [him]." The trial court has discretion to determine which spouse would be the better custodian. *Riley v. Riley*, 643 S.W.2d 298, 301 (Mo.App.1982). Under the present circumstances, an award of custody to the mother would not be an abuse of discretion. *Id.* at 301.

The husband next argues the award of $55.00 per week child support was improper. He contends there was insufficient evidence relevant to the factors determining proper child support, as enumerated by

§ 452.340 RSMo 1978, particularly as to the needs of the child and the financial resources of the husband and wife. We disagree.

■ Admittedly, the husband's testimony about his earnings was conflicting. At first, he testified his take home pay was $1,200 per month. Later, he testified his annual income two years prior to the hearing was $28,000, and, for the year immediately prior to the hearing, his annual income was $3,000 less; i.e., $25,000. The wife's testimony about her income was similarly inconsistent. She first testified that she earns $1,370.20 net per month and testified later that she earns $1,600 twice a month. Although the testimony about the income of both parties is conflicting, the trial court can choose to believe or disbelieve any part of it, *Seelig v. Seelig,* 540 S.W.2d 142, 145 (Mo.App.1976); Rule 73.01, and rely on the testimony it found to be credible.

■ Choosing that part of this conflicting testimony most favorable to the husband, we do not consider the child support payments of $55 per week an abuse of discretion. The husband testified that he had been paying child support of $210 per month and that he was willing to continue these payments until his daughter was emancipated. The order pendente lite and dissolution decree for child support of $55 per week translates into approximately $238.15 per month. The difference of $28.15 per month, between what the husband was willing to pay and what he was ordered to pay, is not of great significance in light of the husband's admitted income.

Moreover, contrary to the husband's contention, there is evidence of the needs of the child. Admittedly, counsel for the wife did not offer into evidence the wife's financial statement which set out the child's needs in detail. However, the wife testified, without contradiction or objection, that her daughter's "expenses" amounted to $369 per month. In light of the foregoing evidence, the parties' income and the needs of the child, the husband has no valid complaints. *See Metts v. Metts,* 625 S.W.2d 896, 899 (Mo.App.1981); *Green v. Green,* 623 S.W.2d 265, 267 (Mo.App.1981); *Suesserman v. Suesserman,* 539 S.W.2d 741, 743 (Mo.App.1976); *compare Gambino v. Gambino,* 636 S.W.2d 81, 82–83 (Mo.App. 1982).

■ The husband also claims error in the division of marital property. Because the cash value of certain life insurance policies and the ownership of some certificates of deposit were not proven by sufficient evidence, we must remand for the proper disposition of this personal property. However, the disposition of this cause after remand must be done in the light of the following ownership and values of real and personal property properly determined by the trial court.

The husband argues there was insufficient evidence to determine whether real property at 1172 North Kingshighway awarded to him was separate or marital property. We disagree.

■ While the court must first find whether property is marital or non-marital before dividing it, *Fields v. Fields,* 584 S.W.2d 163, 166 (Mo.App.1979), the husband's testimony at trial belies his claim that the real property at 1172 North Kingshighway was separate property. The husband testified he wanted the court to order the real property, including the North Kingshighway property, sold and the proceeds divided between him and his wife. This is an admission of marital property not a claim of separate property. Moreover, the husband testified that, at the time of trial, the North Kingshighway property was held in joint names, although he had acquired it prior to the marriage. "[A] spouse may by agreement, either express or implied, or by gift, transmute an item of separate property into marital property." *Daniels v. Daniels,* 557 S.W.2d 702, 704 (Mo.App.1977). More specifically, property which was separate property but is held in joint names at the time of dissolution is marital property, unless it is shown that transfer to the parties jointly was not intended as a settlement upon or as a gift to

the other party. *Smith v. Smith,* 561 S.W.2d 714, 717 (Mo.App.1978); *Conrad v. Bowers,* 533 S.W.2d 614, 622 (Mo.App. 1975). Having testified the property was jointly owned and requesting the proceeds from the sale of the property be divided between the husband and wife, the husband cannot support his claim that the property should be set off to him as separate property.

■ The husband also argues the trial court erred in awarding the marital home, 6123 North Pointe, to the wife. In the original decree of dissolution, the court specifically stated it awarded the marital home and furnishings to the wife "because she has custody of the daughter and is, therefore, in greater need of the family homestead and its furnishings." The husband argues this award based on this ground was an abuse of discretion because the daughter was planning to leave for college, and, therefore, she would not be living in the house. This argument is misdirected and, thus, misses the mark.

■ A factor to be considered in dividing marital property is "the desirability of awarding the family home or the right to live therein for reasonable periods to the spouse having custody of any children." § 452.330 RSMo 1978. We doubt whether "custody" as used in this statute requires physical presence of the child in the home of the custodian at all times. In any event, the husband's argument ignores the sensible inference that the daughter will, in all likelihood, be coming home on school holidays and summer vacations and also ignores the possibility the daughter may fail to complete her studies and return to live at home.

The husband also argues the court lacked sufficient evidence to make a just division of marital property under the requirements of § 452.330 RSMo 1978. The following tabulation sets out the division of property and the value of that property established by the present record.

### PROPERTY AWARDED TO HUSBAND

| DESCRIPTION | LOWEST VALUE | HIGHEST VALUE |
|---|---|---|
| 1172 North Kingshighway | $6,700.00 | $9,100.00 |
| 1976 Ford LTD | 3,000.00 | 3,200.00 |
| Husband's Railroad Retirement Fund | Not Proven | Not Proven |
| One-Half of Income Tax Refund for Year Preceding Trial | Not Proven | Not Proven |
| TOTAL | $9,700.00 | $12,300.00 |

### PROPERTY AWARDED TO WIFE

| DESCRIPTION | LOWEST VALUE | HIGHEST VALUE | APPRAISER'S VALUE |
|---|---|---|---|
| 6123 North Pointe Mortgage | $22,500.00(W)* (17,000.00) | $38,000.00(H)* (17,000.00) | $22,500.00(A)* (17,000.00) |
| Equity | 5,500.00 | 21,000.00 | 5,500.00 |
| 1972 Monte Carlo | 500.00 | 500.00 | 500.00 |
| 1974 Mustang (Title in Husband; Daughter Drives it) | 1,000.00 | 1,000.00 | 1,000.00 |

| DESCRIPTION | LOWEST VALUE | HIGHEST VALUE | APPRAISER'S VALUE |
|---|---|---|---|
| Furniture and Furnishings | 2,500.00 | 3,300.00 | 3,300.00 |
| All Policies on Wife's Life | Not Proved | Not Proved | Not Proved |
| One-Half Income Tax Refund for Year Preceding Trial | Not Proved | Not Proved | Not Proved |
| TOTAL | $ 9,500.00 | $25,800.00 | $10,300.00 |

* The 3 values of the North Pointe property are based upon the values given by the wife (W), the wife's appraiser (A) and the husband (H). The values for the personalty listed under the appraised value of the house are the highest value given by the parties.

■ As can be seen, the value of some of the property in issue has not been established. As also can be seen, the lowest established value of the property awarded to the husband is $9,700, and, when the value of the North Pointe property set by the wife's appraiser is used, the highest established value of the property awarded to the wife is $10,300. The difference between these two values ($10,300–$9,700) is $600. Section 452.330 RSMo 1978 requires only a just division of property, not an equal division. *E.g., Metts v. Metts*, 625 S.W.2d *supra* at 899. No marital misconduct was alleged or proved. Thus, the distribution made would not be unjust, if the only unknown value was the value, if any, of the husband's railroad retirement fund. At trial, the husband had ample opportunity to establish whether this fund was separate or marital property and, if marital, the value, if any, of the fund. Whether the fund was separate or marital property and whatever its value, the husband has no cause to complain about the award of the fund. The award was made to him and, thus, could only tilt an already just division of property toward him.

However, the cash value of the life policies awarded to the wife were not established. Without this value, we cannot determine whether the division of property was just or unjust, and, therefore, must remand this cause, at least, for the purpose of establishing the value of these policies.

Since we are remanding this cause, the trial court should also properly dispose of the following property or issues by specifically evaluating the property and entering the appropriate decree:

### Railroad Retirement Fund

The court should determine whether this fund is separate or marital property, its value and its appropriate distribution.

### One-Half of Income Tax Refund For Year Preceding Hearing

This court has invalidated a provision of a dissolution decree requiring each party *to pay* one half of their joint tax liability when the amount of that liability was not known at the time the decree was entered. *Faulkner v. Faulkner*, 559 S.W.2d 545, 546 (Mo.App.1977); *see also Hull v. Hull*, 591 S.W.2d 376, 383 (Mo.App.1979). We do not determine whether equal division of the *receipt* of an unknown tax refund would likewise be void. On remand, this refund, if any, will be ascertainable and the trial court can make the appropriate distribution.

### Bank Accounts and Government Bonds

The failure to divide bank accounts valued at $150.00 and two United States Savings Bonds with face value of $75.00 would be de minimus and would not warrant invalidation of the present decree. However,

on remand, this property should be distributed.

### Debts

■ The court ordered the wife to pay debts amounting to $2,600. Debts owed by the parties do not constitute property properly subject to division in a dissolution decree. *N.J.W. v. W.E.W.*, 584 S.W.2d 148, 151 (Mo.App.1979). The better practice, however, is to provide for payment of the debts, as the court did, and thereby reduce subsequent disputes. *Id.* at 151.

### Certificates Of Deposit

The original court decree ordered the certificates of deposit in issue to be disposed as follows:

"The two (2) Certificates of Deposit held by the Respondent ..., as well as the three (3) Certificates of Deposit now held by Petitioner are to be held in trust for the benefit of the parties minor child, Eldora Wendy, to be utilized for her college education, and any remainder to be delivered to Eldora Wendy when she reaches majority. An appropriate mechanism for the implementing of the trust agreement should be agreed to by both parties, such as the procedure provided by the" [This paragraph ends here. This sentence is incomplete in the decree].

The amended decree provided:

"... [The Amended Decree of Dissolution is] amended to read: 'any and all Certificates of Deposit heretofore held by either of the parties prior to and on the date of the trial (April 8, 1980), shall be considered as held in trust for the sole interest and benefit of their minor child, Eldora Wendy, and upon her request, all the certificates shall be made available to Eldora Wendy to pay for the college and other educational costs of said minor child, Eldora Wendy.' "

■ The problem created by these orders is two-fold. First, the record is not clear whether some or all of these certificates are held by the husband and wife as trustees for their daughter or whether the husband, wife and daughter held these certificates as joint owners. If the husband and wife are trustees for the daughter, that part of the court's order effecting the trusteeship is void. Placing the certificates in trust divested the settlors, the husband and wife, of their interest in the funds so transferred. *Barry v. Barry*, 579 S.W.2d 136, 140 (Mo.App.1979). If the daughter is a joint owner of any of the certificates, she must be joined as a party, and the joint interests of the daughter, husband and wife properly evaluated and distributed. *Ravenscroft v. Ravenscroft*, 585 S.W.2d 270, 274 (Mo.App.1979).

We affirm that part of the court's decree awarding custody of the daughter to the wife and ordering the husband to pay $55 per week to the wife as child support. We reverse and remand this cause for the trial court to reopen the cause to receive such additional evidences and make such additional orders as are made necessary by and as are consistent with this opinion and decision.

SMITH, P.J., and PUDLOWSKI, J., concur.