**In re the Marriage of Roger W. WILLIAMS, Appellant,**

v.

**Marilyn E. WILLIAMS, Respondent.**

**No. ED 75710.**

Missouri Court of Appeals, Eastern District, Division One.

Dec. 28, 1999.

Rehearing Denied May 24, 2000.

Cordell & Cordell, P.C., Michael P. Cohan, Creve Coeur, for appellant.

Deborah J. Tomich, Jane E. Tomich, St. Charles, for respondent.

## OPINION

GARY M. GAERTNER, Presiding Judge.

Appellant, Roger W. Williams, ("husband") appeals the judgment of the Circuit Court of St. Charles County, dissolving his marriage to Marilyn E. Williams, ("wife"). We affirm.

Husband and wife were married on November 29, 1974 and separated on May 26, 1995. The marriage was dissolved in 1997. They had one child of the marriage and she was born on July 16, 1979. Wife was 54 years old at time of the dissolution proceeding and was a certified public accountant. Husband was 64 years old [1] and had worked for McDonnell Douglas Corporation until his retirement in 1992.

When husband retired in September 1992, he elected to purchase a joint survivor annuity option to insure that his wife would continue to receive benefits after his death. In order to purchase this election, husband agreed to have his monthly pension benefit reduced by $623.32 from $2513.37 to $1890.05. At the age of 65 years, husband will receive a total monthly pension benefit of $1990.05 ($1890.05 base benefit + $100.00 additional for life). The non-marital portion of husband's pension is $300.00, leaving the marital portion of the monthly benefit at $1690.05. Based on

1. Husband was within 3 weeks of his 65 th birthday.

this, the trial judge divided the marital property equally, giving the wife $845.00 and the husband $1145.05 ($845.05 marital share + $300.00 non-marital share). In addition, the trial court ordered the parties to hand over certain custodial accounts and bonds each held in trust for the daughter when she turns eighteen on July 16, 1997. Husband appeals.

■ In a court tried case, appellate courts will affirm the judgment of the trial court if it is supported by substantial evidence, it is not against the weight of the evidence, it does not erroneously declare the law, or it does not erroneously apply the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.banc 1976). "All evidence and permissible inferences therefrom are considered in the light most favorable to the trial court's decision, and all contrary evidence and inferences are disregarded." *Chen v. Li*, 986 S.W.2d 927, 931 (Mo.App. E.D.1999) (quoting *In re Marriage of Gilmore*, 943 S.W.2d 866, 871 (Mo.App. S.D. 1997)).

The husband raises two points on appeal. The husband argues that the trial court erred: 1) in dividing the marital portion of his pension plan, such that both parties bear the cost of the election of the joint survivor option equally, and 2) in ordering husband and wife to hand over certain custodial accounts and bonds because the trial court lacked "authority to make such orders."

■ With regard to his first point, husband argues that the trial court erred in finding that there was no evidence offered to demonstrate that the election was revocable. Husband argues that the parties had stipulated that the election was revocable. A review of the record reveals that the husband did not present evidence indicating his intention to revoke or not to revoke the election. At trial, husband stated that the election has been made and the parties discussed and stipulated that the trial court had the authority to change the election. Black's Law Dictionary defines revocation as "an annulment, cancellation, or reversal." BLACK'S LAW DICTIONARY 1321 (7th ed.1999). We note that revoking the election is different from changing the election. The trial court clearly understood it could change the election but correctly noted that no evidence was presented as to the revocation issue. The joint survivorship annuity option document provided did not stipulate whether the election was revocable or not. Thus, the trial court did not err in finding that there was no evidence offered to prove the election was revocable.

■ Husband further argues the trial court's division of the marital portion of his pension incorrectly applies the law, is an abuse of discretion, is against the weight of the evidence and is not supported by the evidence. He argues, although the trial court stated that it intended to make the division of the pension benefits substantially equal, the trial court erred in failing to make his wife bear the entire cost of the election of the joint annuity survivorship option. Husband alleges:

> Given Husband's 14.9–year life expectancy at age 65, *see*, Table, 42 V.A.M.S. 387, each of the parties will receive marital benefits from the pension plan totaling approximately $151,000 during Husband's lifetime. On the basis of those same tables, Wife can expect to receive an additional $303,912 in monthly benefits following Husband's death. Thus, the trial court awarded approximately ¾ of the pension benefits to Wife, assuming the parties live for their actuarially expected lifetimes.[2]

---

2. The record does not support that husband presented this allegation or evidence before the trial court. Appellate courts do not review matters complained of on appeal, which are not present in the record. *State ex rel. Callahan v. Collins*, 978 S.W.2d 471, 474 (Mo.

App. W.D.1998). Appellate courts cannot review issues never offered in evidence nor included in the transcript on appeal. *Wofford v. Wofford*, 991 S.W.2d 194, 196 (Mo.App. W.D. 1999). Thus, our review is limited to the record on appeal. Also, we agree with the

And by not taking such into consideration in its division of the pension, the trial court therefore did not carry out its intention to divide the pension equally. As the trial court noted:

> Following Husband's argument, Wife should then receive only $533.37 from Husband's pension ([($2513.37 original benefit + $100.00 additional benefit— $300.00 non-marital portion) divide by 2]—$623.32 = $533.37), while Husband would receive $1456.69 ([($2513.37 original benefit + $100.00 additional benefit—$300.00 non-marital portion) divide by 2] + $300.00 non-marital portion = $1456.69).

Husband relies on *Conaway v. Conaway*, 899 S.W.2d 574 (Mo.App. W.D.1995); and *Weiss v. Weiss*, 702 S.W.2d 948 (Mo.App. W.D.1986). We disagree.

■■■ "The trial court has wide discretion in dividing marital property." *Gambrel v. Gambrel*, 943 S.W.2d 314, 315 (Mo. App. E.D.1997). Appellate courts defer to the trial court's marital property division unless such division exhibits abuse of discretion or is improper. *Tate v. Tate*, 920 S.W.2d 98, 103 (Mo.App. E.D.1996). Pension benefits are considered marital property and are subject to division in a dissolution proceeding. *Baker v. Baker*, 804 S.W.2d 763, 765 (Mo.App. E.D.1990). However, retirement benefits accumulated prior to the marriage are not marital property and are not divisible. *Gambrel*, 943 S.W.2d at 315. Generally, the date of dissolution is the correct date for valuing property. *Tate*, 920 S.W.2d at 104 (citing *Conaway*, 899 S.W.2d at 575).

Missouri does not have a rule that requires the spouse who is entitled to a proportionate share of the other spouse's survivor benefit option, to solely pay for the cost. In *Conaway*, the trial court determined that the wife is entitled to a proportionate share of the husband's pension benefits. *Conaway*, 899 S.W.2d at 576. The wife requested the survivor benefit option and testified she would be willing to pay for the cost of the option. *Id.* The trial court refused to award her the survivor benefit option in her husband's pension plan and the wife appealed. *Id.* The Court of Appeals reversed in part and held wife was entitled to the same proportionate share of the survivor benefit option, at her own cost. *Id.*

In *Weiss*, the trial court ordered the husband to elect the survivor annuity benefit option at the request and imploration of his wife. *Weiss*, 702 S.W.2d at 953. The trial court ordered the husband to designate the wife as the beneficiary. *Id.* at 952. The court also, using a flexible approach in its division of the pension benefits, reduced the wife's share of the husband's pension plan, to offset the reduction in monthly benefits that would occur by reason of election of the survivor annuity benefit option. *Id.*

In *Campbell v. Campbell*, 668 S.W.2d 580, 583 (Mo.App. W.D.1984), the Court of Appeals affirmed the trial court's judgment which ordered the husband to nominate his wife as the recipient of a potential survivor's annuity under his pension plan. The trial court also ordered the husband to pay $681 to preclude a reduction of benefits at age 62. *Id.* The decree also provided that the husband might deduct one-half of that amount from the maintenance payments. *Id.* The trial court's order had the effect of allocating the cost of the benefit to both husband and wife.

■■■ These cases do not establish a rule that the spouse designated as a beneficiary of a survivor's benefit option bears the entire cost. Rather, this determination is left to the trial court's discretion, taking into consideration all the relevant

dissent that we could take judicial notice of life expectancy and annuity tables even though not introduced into evidence, but we decline to review husband's allegation regarding the trial court's failure to take into consid-

eration the differences between his life expectancy and the wife's life expectancy, because the record demonstrates that it was not raised before the trial court.

factors surrounding the distribution of marital property.

■ In the case at bar, unlike in the above cases where the trial court ordered the husbands to elect the survivor benefit options for their wives, husband, prior to the dissolution, voluntarily chose to elect the survivor benefit option for his wife. On the date of the trial, both husband and wife had already elected the option and had received the reduced benefit for three and one-half years. Husband requested the trial court to allocate the cost of the survivor benefit option solely to the wife. The trial court, exercising its discretion, rejected husband's request and held that *Conaway* and *Weiss* were inapplicable.

At the time of the dissolution, the value of the marital portion of the monthly benefit was $1690.05. *Tate* demonstrates that the date of the dissolution is the correct date for valuing property. The trial court took the pension as it was on the date of dissolution and split the marital portion of the pension benefit equally, awarding the wife $845.00 and the husband $845.05. Such division had the effect of apportioning the cost of the option between the husband and the wife. However, as we noted above, there is no rule requiring the spouse who benefits from the election to solely pay for it and the trial court has discretion on how to allocate the cost. Therefore, the trial court's division was substantially equal. Husband's argument regarding equitable distribution of the pension benefit is without merit because the trial court exercised its discretion when it apportioned the cost of the option to both parties and split the monthly benefit equally.

With regard to the second point, husband argues:

> The trial court erred in ordering the parties to hold the "daughter's custodial accounts and bonds" in trust for their daughter until her eighteenth birthday and thereafter to deliver said bonds and custodial accounts to their daughter because, to the extent said property was given to their daughter pursuant to the Uniform Transfers to Minors Act or was held in trust for their daughter, it was not property of the parties, and to the extent the funds were held in joint tenancy with the daughter, they could not be awarded to her unless she was joined as a party, but she was not so joined.

The husband relies on *Daniels v. Daniels,* 675 S.W.2d 29 (Mo.App.1984). We disagree.

The *Daniels* case is inapplicable to this case. In *Daniels,* the trial court ordered husband and wife to hold certain certificates of deposit in trust for their child and that they should deliver them to child upon request to pay for college and other educational costs. *Id.* at 36. This Court noted the order created a twofold problem.

> First, the record is not clear whether some or all of these certificates are held by the husband and wife as trustees for their daughter or whether the husband, wife and daughter held these certificates as joint owners. If the husband and wife are trustees for the daughter, that part of the court's order effecting the trusteeship is void. Placing the certificates in trust divested the settlers, the husband and wife, of their interest in the funds so transferred.... If the daughter is a joint owner of any of the certificates, she must be joined as a party, and the joint interests of the daughter, husband and wife properly evaluated and distributed.

*Id.*

■ In the present case, the record supports the trial court's finding that the parties held certain custodial accounts and bonds in trust for their daughter. The trial court ordered: "Daughter's custodial accounts and bonds ... shall continue to be held by the parties in trust for Daughter until her eighteenth birthday on July 16, [1997], at which time each party shall deliver the bonds and custodial accounts in their respective possessions to daughter." The trial court did not create or modify

the terms of the trust. The record does not indicate that the parties and their daughter are joint owners. Thus, the *Daniels* case is not applicable to the present case.

Additionally, the Uniform Transfers to Minors Act is not applicable to this case because the record does not indicate that the trust was set up in accordance to Section 404.047, RSMo 1994. Thus, the trial court did not err in its order.

Based on the foregoing, the judgment of the trial court is affirmed.

PAUL J. SIMON, J., concurs.

JAMES R. DOWD, J., dissents in a separate opinion.

JAMES R. DOWD, Judge, dissenting.

I concur with the majority's holding in Point II that the trial court did not err in ordering husband and wife to hand over the custodial accounts and bonds to their daughter when she turns eighteen. I respectfully dissent from the majority's conclusion that the trial court did not abuse its discretion in dividing the marital portion of husband's pension plan. I would reverse.

The trial court refused to assign the cost of the survivor option to wife because "the parties had elected the joint survivor option over two and a half years before their separation. There was no evidence offered that the election was revocable." Therefore, it wrote, husband was "receiving exactly what he expected to receive on retirement." It reasoned that equity prevented it from allocating the cost of the option to wife because of the uncertainty as to revocability.

The trial court concluded that the division of the marital property was "fair and equitable, if not absolutely equal." This statement implies that the division is almost equal. Indeed, the trial court's find-

ings would support an almost equal division. The trial court's order does not mention marital misconduct or any other reason why there should be an unequal division. The problem is that the division is not even close to equal. Under the decree, Husband is paying $300 *per month* for wife to receive the benefit of the survivor option. This exceeds 25 percent of the amount he would receive from the marital share of the pension plan if he did not have to pay for the option. Over the course of husband's life, he will pay $53,-640 for wife alone to receive the benefit.[1] This division of the marital portion of the pension plan is neither fair nor equitable. Here, the trial court's decree forces husband to pay half the cost of an option which, by definition, can only benefit wife. Yet, the trial court made no findings justifying an uneven division of the marital portion of the pension.

Moreover, there is no logical reason for making a distinction between the survivor benefit elected before or after divorce. Husband was willing to bear the cost of the benefit while married to wife. There is no logical reason for forcing him to bear this cost after the marriage has been dissolved. The trial court reasoned that he was "receiving exactly what he expected to receive on retirement"; of course, when he made this election, he was also expecting to be married to wife on retirement. His choice of the benefit while married should have no effect on the division of the pension plan at the time of the divorce. Furthermore, when asked by the trial court whether the court could modify the pension plan and the survivor benefit, wife's trial counsel admitted: "I believe you do have the authority and jurisdiction to do that. And I do believe that McDonnell Douglas would accept such a qualified domestic relations order. They're simply waiting for directions from the Court." Indeed, the trial court provides no expla-

---

1. Husband's life expectancy is 14.9 years as noted in 42 V.A.M.S. XII (Supp.1999). We may judicially notice these tables even though not introduced into evidence. *Baker v. Baker,* 804 S.W.2d 763, 765 (Mo.App.1990).

nation for its reliance on husband's electing the option before the divorce.

As noted by the majority, our standard of review is limited to determining if the trial court has abused its discretion in dividing the marital property. *Gambrel,* 943 S.W.2d at 315. I agree with the majority that the trial court had the discretion to divide the marital assets unequally. On the other hand, I believe that the trial court abused this discretion. It did so by refusing to properly allocate the expense of the survivor benefit at all because of a mistaken belief that *"it would instead be inequitable to ignore the fact that ... [h]usband has already retired and has already made his election"* (emphasis added). Pension rights and liabilities, if they are marital property, must be allocated at dissolution. Section 452.330.1. The trial court allocated the entire benefit of the survivor option to the wife while refusing to allocate the entire cost to her because it did not think that it could do so. It made no findings to justify the wife receiving the full benefit of the option while the husband is forced to pay for half of its cost.

Our standard of review does not mean this Court affirms every division of marital property. Rather, we must reverse if the division of the property is not fair and equitable. Pursuant to our Rule 84.14 authority to give such judgment as the trial court ought to give and to finally dispose of the case, I would amend the judgment and order wife to bear the cost of the survivor option.