**Sheron H. SAXTON, Appellant,**

v.

**Jesse R. SAXTON, Respondent.**

**No. WD 66293.**

Missouri Court of Appeals, Western District.

April 24, 2007.

Jean A. Wells, Kansas City, MO, Arguing on behalf of appellant.

Roy King, Jr., Kansas City, MO, attorney of record for respondent; Respondent did not file a brief or argue the case.

Before JAMES M. SMART, JR., P.J., JOSEPH M. ELLIS, and LISA WHITE HARDWICK, JJ.

PER CURIAM.

Sheron H. Saxton appeals the trial court's division of property and maintenance award in her dissolution action against Jesse R. Saxton. The dissolution decree contains a clerical error that effectively makes the distribution of assets inequitable. Therefore, we vacate that provision and modify the judgment, pursuant to Rule 84.14.

Sheron Saxton (Wife) and Jesse Saxton (Husband) were married for thirty-four years. The couple had three children together, all of whom were emancipated at the time of trial. Wife filed a petition for dissolution of the marriage on March 10, 2005. The hearing was held in October 2005.

Husband had been involved in an adulterous affair for the last five years of marriage, which contributed to the breakdown of the marriage. Husband had expended substantial marital funds in furtherance of that affair. Wife alleged that both Husband and his paramour had verbally and physically abused her.

The court relied on Wife's statement of assets and debts. Husband appeared *pro se*. The only documentation Husband presented to the court was a list of credit card debts. Wife's statement showed that all the parties' property was marital property acquired during the marriage. There was no non-marital property. The property included two residences, both of which had been mortgaged in recent months. There was also a commercial property at 5240 Blue Parkway in Kansas City. For five years prior to the dissolution, Wife had operated a small store (called a "variety store," apparently selling used furniture and estate sale items) out of the commercial property. Husband owned a construction business and was a carpenter.

The court reviewed the parties' recent income tax returns and concluded that Husband has earned a "significant and substantial income through his construction company." We have not been provided on this appeal with the income tax returns introduced at trial so we do not have the exact evidentiary figures available. The court also found that Wife, who has no training, skills, or education and has been dependent upon Husband for support throughout their marriage, does not earn sufficient income from her business to provide for her reasonable needs.

Wife asked the trial court to dissolve the marriage and to divide the marital property and debts. She specifically asked the court to award her, among other things, one of the residences (valued at $13,000 equity, with a $59,000 mortgage), and the Blue Parkway commercial property valued at $46,000. She also asked for $600 per month in maintenance. Wife believed she could earn part of her needs from her business if she received the commercial property.

The court entered its judgment of dissolution on December 1, 2005. The court awarded Wife, *inter alia*, the residence she had requested, for which she was to be responsible for the mortgage. The court also awarded Wife $600 per month in maintenance, $5,000 in attorney's fees, and one-half of Husband's union pension (with the Carpenter's Union). The court awarded Wife what she requested, but there was a provision in the decree that significantly departed from Wife's specific request as to the commercial property. It stated:

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the *Respondent* [Husband] is awarded the commercial building located at 5240 Blue Parkway, Kansas City, Jackson County, Missouri.... *Respondent* is also ordered to assume and be responsible for

and hold the *Respondent* harmless on the indebtedness believed to be for taxes in the amount of $1,000.00 (Emphasis added).

Wife points out that under the decree, as written, her share of the property division, including the net value of the residence and various items of personal property, amounts to a net of approximately $23,000. Husband's share of the property, real and personal, amounts to approximately $140,000, or 86% of the property division.

Wife appeals, contesting the inequitable division of property and the maintenance award.

### Standard of Review

██ Our review of a dissolution judgment is the same as for any court-tried action. *Wood v. Wood*, 193 S.W.3d 307, 310 (Mo.App.2006). The judgment will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Issues dealing with the division of marital property and maintenance are reviewed for an abuse of discretion. *Clance v. Clance*, 127 S.W.3d 716, 719 (Mo.App.2004). We will find an abuse of discretion only if the decree is so arbitrary or unreasonable that it indicates indifference or a lack of careful consideration. *In re Marriage of Woodson*, 92 S.W.3d 780, 785 (Mo. banc 2003).

### Point I

In her first point, Wife argues that the court's disproportionate division of marital property—86% to Husband and 14% to Wife—is against the weight of the evidence and an abuse of discretion. Wife contends that this was an unjust and inequitable division of marital property. Specifically, Wife complains about the award of the commercial property, valued at $46,000, to Husband.

██ "A trial court has broad discretion in its division of marital property." *Lagermann v. Lagermann*, 144 S.W.3d 888, 890 (Mo.App.2004). We will interfere only "if the division is so heavily and unduly weighted in favor of one party as to amount to an abuse of discretion." *In re Marriage of Reese*, 155 S.W.3d 862, 869 (Mo.App.2005) (*quoting Nelson v. Nelson*, 25 S.W.3d 511, 516 (Mo.App.2000)). This standard does not mean, however, that every division of marital property will be affirmed. *Williams v. Williams*, 17 S.W.3d 559, 565 (Mo.App.1999) (Dowd, J., dissenting). "It is axiomatic that the division of marital property must be fair and equitable under the circumstances of the case." *Reese*, 155 S.W.3d at 875. If we find that it is not, we will reverse. *See id.*

The division of property in a dissolution proceeding is governed by section 452.330, RSMo, which requires the trial court, first, to set aside to each spouse his or her nonmarital property, and, then, to divide the marital property and debts in "just" proportions. *Reese*, 155 S.W.3d at 869. In dividing the marital property, the trial court is to consider "all relevant factors." Section 452.330.1. The "relevant" factors in this case include: the economic circumstances of the parties at the time of the division; the contribution of each spouse to the acquisition of the marital property, including contributions as a homemaker; and the parties' conduct during the marriage. *Id.*

Here, Husband's economic circumstances are far superior to Wife's. As noted by the trial court, he earned a "significant and substantial income through his construction company," and Wife did not earn enough to support herself. Wife had contributed to the acquisition of assets as a

homemaker and mother for thirty-four years of marriage, as well as providing her earned income from her business. Although Husband alleged that Wife had been flirting with men after the separation, she denied it. Even if such allegation had been believed by the trial court, the court would have had to regard Husband's misconduct as glaring in comparison. Husband had been involved in a five-year adulterous affair and had spent substantial marital funds on his paramour. Husband had physically abused Wife "on at least one occasion" during the marriage. Husband and Wife had created home equity lines of credit totaling $180,000 on the two homes within the fourteen months prior to the dissolution and had withdrawn the funds. Both homes had previously been free of any encumbrance. Wife first claimed not to know what Husband had done with the money. Husband disputed this. On cross-examination, Wife acknowledged she was aware of a small amount that went to pay some bills, but she believed that the bulk of it went into Husband's business. Husband said he made some of the money available to the children so that they could buy cars.

■ A distribution of assets of 86% and 14% under the circumstances of this case is "so heavily and unduly weighted in favor of [Husband] as to amount to an abuse of discretion." *Reese*, 155 S.W.3d at 869 (*quoting Nelson*, 25 S.W.3d at 516). Other cases have found similar proportions to be unjust and inequitable, resulting in reversal. *Id.* at 868 (96% and 4%); *DeMayo v. DeMayo*, 9 S.W.3d 736, 741 (Mo.App.2000) (86.5% and 13.5%).

Wife sought maintenance of $600 so she could pay the mortgage on the residential property in which she sought to reside. Wife points out that the small business she had operated out of the commercial building for the last five years was going to be

her source of income. She asked for the commercial property in order to continue her business. Wife asks this court to award her the commercial real estate, which has a net value of $46,000, which will result in a more equitable division of approximately $69,000 (42%) to Wife and $94,000 (58%) to Husband, after debts.

■ The judgment, as we have seen, purported to award the Blue Parkway property to Husband, and purported to state that husband is to hold *himself* harmless on the minor indebtedness. We think it is obvious that the trial court intended to give Wife what she asked for; Wife's requests were modest, in view of the evidence, and the record discloses no reason the court would have intended to do otherwise. The judgment contains so-called "scrivener's errors." We believe the court intended to give the property in question to *Petitioner* (Wife), and to have *Petitioner* hold Respondent (Husband) harmless thereon.

■ Unfortunately, no one called this error to the trial court's attention. Rule 78.07(c) provides: "In all cases, allegations of error relating to the form or language of the judgment ... must be raised in a motion to amend the judgment in order to be preserved for appellate review." Most likely, Wife's trial counsel drafted the form of judgment that the court ended up signing without either counsel or court noticing the error. Wife is represented by new counsel on appeal. It was the responsibility of Wife's trial counsel to file a timely motion to correct this error in the judgment. Counsel did not do so, and it is hard to envision an excuse for that failure. We are confident that if that had been done, the trial court would have made the correction and there would have been no need for this appeal. Wife's trial attorney did not model effective client representa-

tion.[1] Thus, although technically the allegation of error was not preserved, we will nevertheless address it in order to avoid a manifest injustice. Rule 84.13.

■ Pursuant to Rule 84.14, we have the authority to "give such judgment as the court ought to give," and we are obligated to "dispose finally of the case." *Williams*, 17 S.W.3d at 565. On review, we may dispense with a remand and "render the judgment that should have been rendered by the trial court." *LaRocca v. LaRocca*, 135 S.W.3d 522, 526 (Mo.App. 2004). We can do so when the record and evidence give us confidence in the reasonableness, fairness, and accuracy of the conclusion reached. *Wood*, 193 S.W.3d at 312.

This is such a case. The decree contained a facially obvious drafting error with regard to the division of property; and, in addition, the division of property was inequitable in light of the evidence. Under the circumstances, it would be inequitable for the commercial property to go to Husband. Therefore, pursuant to Rule 84.14, we give the judgment the trial court should have given and meant to give. We reverse the judgment of the trial court awarding the commercial property to Husband and modify it to award the commercial property to Wife instead. The judgment as so modified, is affirmed.

### Point II

In her second point, Wife complains that the court abused its discretion in awarding her $600 per month in maintenance, although that was what she asked for. Wife says she made that request with the assumption that she would be awarded the commercial building and be able to continue operating her small business out of it.

If she is not going to get that building, she says, she will need more in maintenance. Because we are modifying the judgment to award the commercial building to Wife, it is unnecessary to address Wife's point regarding maintenance. The maintenance award will stand.

### Conclusion

The judgment is modified to award the commercial building on Blue Parkway to Wife, pursuant to our authority under Rule 84.14. The judgment as to the award of maintenance is affirmed.

---

1. Only Wife was represented by counsel, and only Wife provided a property list. The decree (prepared by Wife's counsel) is not well done, with repetitions and errors and inconsistent descriptions. The trial court did not have an easy task in view of the circumstances.