Stanley LAIDERMAN, Appellant,

v.

John L. IRWIN, Respondent.

No. 49228.

Missouri Court of Appeals,
Eastern District,
Division Six.

Oct. 1, 1985.

Motion for Rehearing and/or Transfer
Denied Nov. 21, 1985.

Application to Transfer Denied
Jan. 15, 1986.

London, Greenberg & Pleban, John B. Kinsella, St. Louis, for appellant.

Joseph S. Sanchez, Festus, for respondent.

CRIST, Presiding Judge.

Laiderman (plaintiff) sued Irwin (defendant) for possession of property, and for non-payment of $1,500.00 rent per month from March 15, 1983. Defendant counterclaimed for $4,500.00, claiming he had to replace and install equipment, and that the premises were not suitable for the operation of his business. Defendant also filed a third party petition against Ozark Real Estate Company (Ozark), alleging misrepresentation, and failure to return an earnest deposit. Plaintiff and defendant entered into a consent judgment as to possession, by which defendant agreed to vacate the premises by July 1, 1983. The trial court found for defendant on plaintiff's petition, for plaintiff on defendant's counterclaim, and for Ozark on defendant's third-party petition. Defendant and Ozark did not appeal the judgment. On plaintiff's appeal, we reverse and award plaintiff $5,250.00 for rent from March 16, 1983 until July 1, 1983, plus interest from March 16, 1983.

Plaintiff and defendant entered into a contract for the sale of property owned by plaintiff. Pursuant to the contract, defendant was to take possession of the property at midnight on September 15, 1982, with closing to take place on March 15, 1983. For the six months defendant was in possession of the property prior to closing, defendant agreed to pay plaintiff $1,500.00 per month rent. Defendant also agreed to vacate the property on March 15, 1983 if no closing took place. No closing took place on March 15, 1983, but defendant remained in possession of the property until July 1, 1983. There is no dispute that defendant was a hold-over tenant from March 16, 1983 until July 1, 1983, a total of three and one-half months.

■ A judgment of the trial court will not be disturbed on appeal unless there is no substantial evidence to support it, it is against the weight of the evidence, or where it erroneously declares or applies the law. Rule 73.01. Where there is no dispute as to the facts, however, but only a dispute as to the legal significance of these facts, this court may render such judgment as the trial court should have rendered. *See Monnig v. Lewis*, 617 S.W.2d 492, 497 (Mo.App.1981); Rule 84.14.

■ In the present case, it is undisputed that defendant wrongfully occupied premises owned by the plaintiff from March 15, 1983 until July 1, 1983. Defendant paid no rent during this period. Plaintiff established that the monthly rental was $1,500.00. Based on these facts, plaintiff is entitled to $5,250.00 rent, for the three and one-half months of wrongful possession by defendant.

The judgment of the trial court is reversed & remanded and the court directed to enter judgment in favor of plaintiff in the sum of $5,250.00 plus interest.

CRANDALL and KAROHL, JJ., concur.