Peter LaROCCA, Respondent,

v.

Trina LaROCCA, Appellant.

No. ED 81764.

Missouri Court of Appeals, Eastern District, Division Three.

May 11, 2004.

Lawrence G. Gillespie, Clayton, MO, for appellant.

Michele Hammond, St. Louis, MO, for respondent.

LAWRENCE E. MOONEY, Judge.

The wife, Trina LaRocca, appeals from the trial court's judgment and decree dissolving her marriage to the husband, Peter LaRocca. She raises four points on appeal. We summarily deny three of these claims and find that no jurisprudential purpose would be served by an exposition of the detailed facts and law.[1] Rule

---

1. The parties have been furnished with a memorandum, for their information only, set-

84.16(b). The wife's remaining claim of error, however, requires our consideration in a published opinion. The wife argues that the trial court erred in denominating the physical custody award as primary physical custody to the husband rather than joint physical custody. We agree, and affirm the judgment as modified.

## BACKGROUND

Husband and wife were married in March of 1992 and have two minor children, both born in February of 1998. The parties separated in July of 1999, and the husband filed a petition for dissolution of marriage a year and a half later, in January of 2001. The second amended judgment of dissolution from which the wife appeals was entered on February 11, 2003.

The court's judgment, in pertinent part, awarded "primary" legal and physical custody of the minor children to the husband, divided the marital property and ordered the sale of the marital home, and ordered the wife to be responsible for $5,000 of the husband's attorney fees and litigation expenses.

## DISCUSSION

■ Our review of a judgment of dissolution is the same as for any court-tried action. *Shelton v. Shelton*, 29 S.W.3d 400, 402 (Mo.App. E.D.2000). We must affirm the judgment unless there is no substantial evidence to support the decision, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976); *Reis v. Reis*, 105 S.W.3d 514, 515 (Mo.App. E.D.2003).

In her second point on appeal, the wife challenges the trial court's physical custody award. The court named the husband as "primary physical and legal custodian," rather than denominating the physical custody award as joint physical custody. The wife argues that, because she was awarded significant periods of time with the children, the court's order was actually one of joint physical custody, rather than primary physical custody to the husband, and should be denominated as such. The court adopted the wife's parenting plan, and accordingly the wife was awarded "custody, visitation or residential time" with the children every other weekend, two weekdays each week, alternating weeks during the summer, and alternating holidays. This schedule results in the wife having care of the children for six days of every two-week period and more often during the summer. The court's findings also referred to the wife's "custody time" with the children when it specifically found that such time should not be decreased.

We begin by noting that the statute does not use the phrase "primary physical custody." Section 452.375.1(1) defines "custody" as "joint legal custody, sole legal custody, joint physical custody or sole physical custody or any combination thereof." Because the parties understand the award here to be one of sole physical custody to the husband, and the wife has appealed on this basis, we also shall view the trial court's denomination of "primary physical custody" as one of sole physical custody.

■ We also note that in order to obtain relief on appeal, a party must not only demonstrate error, but also prejudice. We shall not disturb a trial court's judgment in dissolution of marriage action if

---

ting forth the reasons for our decision pursuant to Rule 84.16(b). These allegations of error involve: (1) granting sole legal custody of the minor children to the husband; (2) determining the value of the tangible personal property; and (3) ordering wife to be responsible for a portion of the husband's attorney fees.

there is no showing of prejudice as result of that judgment. *See* Rule 84.13(b); *L.J.B. v. L.W.B.*, 921 S.W.2d 23, 27 (Mo. App. E.D.1996). Because the wife was awarded significant periods with the children, the question arises whether she is actually prejudiced by the court's custody designation. *See Stewart v. Stewart*, 988 S.W.2d 622, 625 (Mo.App. W.D.1999). The designation of physical custody as joint physical custody, as opposed to sole or primary physical custody with visitation rights for the other parent, is significant in that it determines the standard for future modification of the physical custody arrangement. *Baker v. Welborn*, 77 S.W.3d 711, 717 (Mo.App. S.D.2002); *Babbitt v. Babbitt*, 15 S.W.3d 787, 791 (Mo.App. S.D. 2000). The court can modify a visitation award whenever modification would serve the child's best interests. Section 452.400.2; *Lipic v. Lipic*, 103 S.W.3d 144, 147 (Mo.App. E.D.2003); *Baker*, 77 S.W.3d at 717, *Babbitt*, 15 S.W.3d at 791. Modification of a custody decree, however, requires the court to find that a change has occurred in the circumstances of the child or the custodian and that the modification is necessary to serve the child's best interests. Section 452.410; *Searcy v. Seedorff*, 8 S.W.3d 113, 117 (Mo. banc 1999); *Leazer*, 119 S.W.3d at 600; *A.J.K. by R.K. v. J.L.*, 980 S.W.2d 81, 84 (Mo.App. E.D.1998). The change in circumstances must be substantial. *Searcy*, 8 S.W.3d at 117; *Leazer*, 119 S.W.3d at 600. It might be argued that the standard to be applied in a future modification proceeding is such a remote consequence that there is no prejudice. Even if that is the case, however, there is a stigma that can attach to a parent when the other is named the primary or sole custodian and there is intrinsic value that designation as a joint physical custodian can have for a parent. *Loumiet v. Loumiet*, 103 S.W.3d 332, 337–38 (Mo.App. W.D. 2003). We conclude that the wife may

claim prejudice and thus we proceed with consideration of her allegation of error.

Section 452.375.1(3) defines "joint physical custody" as "an order awarding each of the parents significant, but not necessarily equal, periods of time during which a child resides with or is under the care and supervision of each of the parents." The statute does not define sole physical custody. Given the definition of "joint physical custody," the lack of definition of "sole physical custody," and the plain language of the statute, our Western and Southern Districts take the view that when the court orders significant periods where the child is in the care of each parent, the award is actually one of joint physical custody, regardless of how the court characterizes it. *See, e.g., Loumiet*, 103 S.W.3d at 336–38; *In re Marriage of Parmenter*, 81 S.W.3d 234, 238 (Mo.App. S.D.2002); *Babbitt*, 15 S.W.3d at 790; *Baker*, 77 S.W.3d at 716–18; *Love v. Love*, 75 S.W.3d 747, 765 (Mo. App. W.D.2002); *Stewart*, 988 S.W.2d at 623–5; *Tilley v. Tilley*, 968 S.W.2d 208, 213 (Mo.App. S.D.1998); *Tracy v. Tracy*, 961 S.W.2d 855, 859 (Mo.App. S.D.1998); *Nichols v. Ralston*, 929 S.W.2d 302, 304–05 (Mo.App. S.D.1996); *In re Marriage of Johnson*, 865 S.W.2d 412, 415 (Mo.App. S.D.1993); *Nix v. Nix*, 862 S.W.2d 948, 951 (Mo.App. S.D.1993).

Joint physical custody does not require an equal amount of time with each parent. Section 452.375.1(3); *Love*, 75 S.W.3d at 765; *Stewart*, 988 S.W.2d at 624. "[T]he determining factor in classifying physical custody arrangements as either joint or sole is whether the periods of physical custodial time awarded to the parents is deemed 'significant.'" *Loumiet*, 103 S.W.3d at 337. The amount of time each parent has with the child is the key issue for the court in carrying out Missouri's public policy, not what the arrangement is called. *Id.* The periods for which

each parent has the care and supervision of the child should determine the designation of custody as joint or sole. *Id.* We concur with the reasoning of our colleagues in the Western and Southern Districts and conclude that, although the trial court named the husband primary physical custodian, the award is actually one of joint physical custody because the wife was awarded care of the children for significant periods totaling approximately 43 percent of the time and a higher percentage of time in the summer.

 Missouri Supreme Court Rule 84.14 allows the appellate court to "give such judgment as the court ought to give. Unless justice otherwise requires, the court shall dispose finally of the case." On review, we may dispense with a remand and "render the judgment that should have been rendered by the trial court." *Meiners v. Meiners,* 858 S.W.2d 788, 791 (Mo.App. E.D.1993) *quoting Van Pelt v. Van Pelt,* 824 S.W.2d 135, 137 (Mo.App. W.D.1992). An appropriate case for such judgment is one where there is no dispute as to the facts but only a dispute as to their legal significance. *Laiderman v. Irwin,* 701 S.W.2d 468, 469 (Mo.App. E.D. 1985). We can render the judgment that the trial court should have rendered when the record and evidence give us confidence in the reasonableness, fairness, and accuracy of the conclusion reached. *Babbitt,* 15 S.W.3d at 791; *Moritz v. Moritz,* 844 S.W.2d 109, 113 (Mo.App. W.D.1992). This is such a case.

We affirm the trial court's judgment as to the periods that the children are under the care and supervision of each parent. Because the court awarded significant periods when each parent has the care and supervision of the children, we modify the judgment, however, so that it is designated an award of joint physical custody.

## CONCLUSION

The judgment is affirmed as to the award of sole legal custody of the children to the husband, the valuation and distribution of the marital property, and the award of attorney fees. As to physical custody, the judgment is modified so that it is denominated as an award for joint physical custody and, as so modified, is affirmed.

CLIFFORD H. AHRENS, P.J., and WILLIAM H. CRANDALL, JR., J., concur.