**Leslie MANULA, Petitioner,**

v.

**Carl TERRILL, Respondent.**

**No. ED 83477.**

Missouri Court of Appeals,
Eastern District,
Division Three.

June 1, 2004.

Benicia Baker–Livorsi, St. Charles, MO, for appellant.

Thomas A. Spoon, St. Louis, MO, for respondent.

Before CLIFFORD H. AHRENS, P.J., WILLIAM H. CRANDALL JR., J., and LAWRENCE E. MOONEY, J.

PER CURIAM.

Leslie Manula ("mother") appeals from the judgment of the trial court awarding sole legal custody and primary physical custody to Carl Terrill, Jr. ("father") of their three children, Mackenzie David Terrill ("Mac"), Anthony James Terrill ("AJ"), and Carlye Marie Terrill ("Carlye"). Mother also argues that the trial court erred in calculating the proper amounts of child support that she is ordered to pay husband. Mother raises five points on appeal. We summarily deny four of these claims and find that no jurisprudential purpose would be served by an exposition of the detailed facts and law.[1] Rule 84.16(b)

Viewed in the light most favorable to the judgment, the evidence shows the following. Mother and father were married on July 19, 1986. During the course of their marriage, mother and father had three children: Mac, born March 25, 1988; AJ, born March 25, 1988; and Carlye, born May 11, 1992. This marriage was dissolved on January 24, 1996. Mother and father had joint legal custody of the three children, with primary physical custody awarded to mother. Father was ordered to pay child support and had visitation rights. At the time of the original dissolution decree both mother and father lived in Eureka. Father remarried in May 1999. Mother remarried and relocated to Medora, Illinois in July 2000.

Since October 2000, Mac has lived with father at Mac's request, while AJ and Carlye remained in mother's physical custody. Mother and father entered into a family court modification judgment by consent on April 27, 2001. By the terms of the April 27th judgment, father and mother jointly shared legal and physical custody of Mac, with child support appropriately modified.

On September 24, 2002, mother filed a motion to modify the decree of dissolution. Mother requested that the judgment be modified by awarding primary physical custody and sole legal custody of all three children to her, that the child support paid by father be increased, and that father change the children's health insurance.

Father filed an answer to mother's motion together with his cross-motion to modify the decree of dissolution. Father requested that the April 27, 2001 judgment be modified by awarding him sole legal custody and primary physical custody of all three children, with visitation and temporary custody rights to mother, by terminating his obligation to pay child support and by ordering mother to pay child support to him.

The hearing was held before a commissioner, whose findings and conclusions were adopted by the circuit court. In its

1. The parties have been furnished with a memorandum, for their information only, setting forth the reasons for our decision pursuant to Rule 84.16(b). These allegations of error assert that the trial court: (1) improperly relied on mother's relocation to Medora in finding that there is a substantial and continuing change in circumstances; (2) lacked jurisdiction; (3) erred because its judgment was against the weight of the evidence; and (4) entered a parenting plan that gave father sole legal custody when there was no evidence that mother and father disagreed on issues and it failed to make required findings relating to domestic violence.

order and judgment on the respective motions to modify of mother and father, the trial court made a number of findings and conclusions. It found that there had been a substantial and continuing change in circumstances, and that the separation of Mac, AJ and Carlye was no longer workable. The court concluded that joint legal custody was no longer in the best interest of the children. The court further concluded that it is in the best interests of the children that father be awarded their legal and physical custody, and modified its previous judgment as regards legal and physical custody and visitation. The court approved its own parenting plan, which the judgment incorporated. The court also found that the Form 14s filed by mother and father were both inaccurate, and prepared its own Form 14, and found that the presumed child support amount for all three children is $522 per month. It further found that there is a change of circumstances so substantial and continuing as to make the previous terms regarding child support unreasonable. Accordingly the court modified its previous judgment, and ordered mother to pay father $522 per month for Mac, AJ and Carlye, and indicated what amount would be appropriate in the future if father would become entitled to support for only one or two of the children. Mother now appeals from this judgment.

■ As in other judge-tried cases, our standard of review in a modification of custody proceeding is governed by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). We will uphold the judgment of the trial court unless it is not supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law. *Id.* at 32.

In her fifth point on appeal, mother contends that the trial court erred by committing a mathematical error in the calculation of child support under Form 14 because the trial court in its Form 14 rounded the proportionate shares of the combined adjusted gross monthly income of mother and father to the nearest whole number, up and down respectively, thereby resulting in incorrect amounts of child support ordered by the trial court.

In his brief father concedes that the trial court erred in its calculation of child support. We agree. Rule 88.01 requires the use of Form 14 and its *Comments, Directions for Use*, in calculating child support. Rule 88.01; *Adams v. Adams*, 108 S.W.3d 821, 828 (Mo.App.2003). The trial court rejected the proffered Form 14s of both mother and father, then calculated its own, adopting that Form 14 and incorporating it into its judgment. The trial court did not follow the Form 14 directions for calculating the proportionate shares of combined adjusted gross monthly income, which is to be calculated to the nearest tenth of one percent. The trial court misapplied the law in failing to properly calculate its Form 14. Point sustained.

■ Rule 84.14 permits the appellate court to "give such judgment as the court ought to give. Unless justice otherwise requires, the court shall dispose finally of the case." On review, we need not remand, but may "render the judgment that should have been rendered by the trial court." *Meiners v. Meiners*, 858 S.W.2d 788, 791 (Mo.App.1993) *quoting Van Pelt v. Van Pelt*, 824 S.W.2d 135, 137 (Mo.App. 1992). It is an appropriate case for the appellate court to render such a judgment where there is no dispute as to facts but only a dispute as to their legal significance. *Laiderman v. Irwin*, 701 S.W.2d 468, 469 (Mo.App.1985). In this case, there is neither a dispute as to the facts nor as to their legal significance. Father concedes that the trial court erred in its Form 14 calculations. Accordingly, we can render

the judgment that the trial court should have rendered.

We affirm the trial court's judgment ordering mother to pay child support to father for each child from their marriage that is in his custody. Because the trial court erred in calculating the proper child support under Rule 88.01 and Form 14, we modify the judgment to order mother to pay child support to father based on the correct calculations. Mother shall pay father the total sum of $517 per month for three children, but in the event that father shall be entitled to support for only two children, the sum shall be $442 per month, and in the event that father shall be entitled to support for only one child, the sum shall be $306 per month.

The judgment is affirmed as to the award of sole legal and physical custody of Mac, AJ, and Carlye to father. As to the award of child support, the judgment is modified so as to order mother to pay father the correct sums pursuant to Rule 88.01 and the Form 14 calculations, and, as so modified, is affirmed.