David M. HELSEL, Appellant,

v.

Katherine L. HELSEL, Respondent.

No. WD 65501.

Missouri Court of Appeals,
Western District.

June 27, 2006.

Ronald Ray Holliday, St. Joseph, for Appellant.

Craig Dale Ritchie, St. Joseph, for Respondent.

Before RONALD R. HOLLIGER, Presiding Judge, HAROLD L. LOWENSTEIN, Judge, and ROBERT G. ULRICH, Judge.

RONALD R. HOLLIGER, Presiding Judge.

David Helsel ("Father") appeals the judgment modifying the amount of child support he must pay to Katherine Helsel ("Mother") for their two minor children. The court ordered Father to pay $1,705 per month. Father alleges the trial court erred in that (1) no substantial evidence supported the child support modification; and (2) no substantial evidence supported the trial court's implicit imputation of income to Father. Mother initially cross-appealed, but has dismissed her appeal. We affirm but modify the judgment to correct what the parties agree was an error on Mother's Form 14, on which the trial court relied. We order Father to pay Mother $1,677 per month for child support.

## Facts

Father and Mother were married in 1996 and two children were born of the marriage. The marriage was finally dissolved in 2001, awarding joint legal custody, with Mother having primary physical custody.[1] Father was ordered to pay $1,200 per month for child support and was awarded visitation. The visitation schedule was modified in 2004. The current appeal involves a judgment entered in 2005 modifying the child support amount. At trial, Mother and Father each introduced a Form 14. Mother's Form 14 claimed Father's monthly gross income was $11,333. This figure was derived from Father's 2003 Missouri Individual Income Tax Return, the latest available at the time of trial, which stated Father's adjusted gross income for that year was $136,097. Father's Form 14 claimed his monthly gross income was $5,880, which he corroborated with testimony that his salary from the company he owns is $5,000 per month. Further evidence showed that Father engaged in various business activities, including buying and selling farms and houses and leasing commercial property, and that he is 51% owner of Pinnacle Electric in St. Joseph, which employs seventeen people doing commercial electric work.

---

1. "Primary physical custody" is not among the custody dispositions recognized by Mo. Rev.Stat. Section 452.375.

Mother's Form 14 listed a $240 expense for work-related child care costs that she paid. Mother's Form 14 also included a $28 per month expense to her for the children's health insurance. Mother concedes this was an error and that the $28 should have been credit in the Form 14 column for Father. The trial court found that Mother's Form 14 was supported by the evidence and modified Father's child support accordingly, ordering him to pay $1,705 per month. Father appeals.

## I

■ Father's first point on appeal contends that the child support modification was not supported by substantial evidence. Specifically, Father challenges the trial court's adoption of Mother's Form 14 as to (a) Father's income, (b) the $240 child care costs, and (c) the $28 health insurance credit. We review an appeal from a child support modification under the standard iterated in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We will affirm the trial court's judgment unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.*

■ Substantial evidence supported the trial court's judgment as to Father's income and the $240 child care costs. Mother entered into evidence Father's 2003 Missouri Individual Income Tax Return to support her claim as to Father's income.[2] The trial took place on April 14, 2005, and Father had not yet completed and filed a 2004 tax return. Father testified that his income after 2003 was less than in 2003, and he referred to income other than his $5,000 per month salary as speculative.

Father's investments included buying and selling several homes and farms, leasing commercial property in St. Joseph, and owning 51% of Pinnacle Electric. On cross-examination, counsel for Mother asked Father if, when he recently purchased a one-million dollar commercial property, he told the bank that he had income of $60,000 per year. Father replied that the $60,000 is a salary, not income. When there is conflicting evidence, the trial court has the discretion to determine the credibility of the witnesses, accepting or rejecting all, part, or none of the testimony it hears. *Guier v. Guier*, 918 S.W.2d 940, 946 (Mo.App. W.D.1996). The trial court's judgment as to Father's income was supported by substantial evidence and was not against the weight of the evidence.

■ There was no dispute about the appropriateness of the $240 per month child-care expense as of the time of trial. Evidence indicated that the expense could change in the future, but no evidence showed that the expense would cease, or by how much it might decline or increase. The trial court's judgment as to the child-care expense was supported by substantial evidence and was not against the weight of the evidence.

Mother admits that listing the $28 insurance cost as an expense *she* paid was an error. Father pays the insurance cost. Moving the expense to the correct column and applying the formula on Form 14, we calculate Father's presumed monthly child support payment to be $1,677. Under Rule 84.14, we shall give such judgment as the court ought to give and [u]nless justice otherwise requires, dispose finally of the

2. Father's brief on appeal argues that the 2003 tax return was not admitted into evidence and cannot therefore support the trial court's judgment. At oral argument, however-er, Father's counsel corrected this misstatement of the record and agreed that the tax return was properly in evidence.

case. We may render the judgment that should have been rendered by the trial court. *Manula v. Terrill,* 136 S.W.3d 528, 530 (Mo.App. E.D.2004). We, therefore, modify the judgment and order Father to pay child support in the amount of $1,677 per month.

The judgment is affirmed as modified.

## II

Father's second point on appeal alleges no substantial evidence supported the trial court's implicit imputation of income to Father. Father's argument depends on the mistaken belief that Father's 2003 tax return was not in evidence, so the trial court had to implicitly impute Father's income. At oral argument, Father's counsel acknowledged that the 2003 tax return was admitted. The judgment was therefore supported by substantial evidence. Point denied.

We modify the judgment and order Father to pay Mother $1,677 per month for child support. In all other respects, the judgment is affirmed.

HAROLD L. LOWENSTEIN, Judge, and ROBERT G. ULRICH, Judge, concur.