**Nannette E. CLARK, Respondent,**

v.

**Victor L. CLARK, Appellant.**

**No. ED 97789.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Oct. 30, 2012.

David A. Roither Clayton, MO, for appellant.

Nannette E. Clark, Lubbock, TX, pro se.

LAWRENCE E. MOONEY, Presiding Judge.

The father, Victor Clark, appeals the judgment entered by the Circuit Court of St. Louis County ordering him to pay the mother, Nannette Clark, now Nannette Lane, the sum of $37,104.54 as amounts due for child support, college expenses, and medical expenses for the parties' children, amounts due pursuant to a prior judgment, and attorney's fees.

The father raises two points on appeal. We summarily deny the father's Point I and the first of his subpoints contained in Point II. On these claims, we find that an opinion reciting the detailed facts and restating the principles of law would have no precedential value. Rule 84.16(b). We have provided the parties with a memorandum, for their information only, setting forth the reasons for this decision.

The father's remaining subpoint contained in Point II, however, requires our consideration in a published opinion because of a mathematical error. A prior judgment required the father to pay eighty percent of the actual college costs for the parties' children. College costs included room and board, up to a maximum amount equal to eighty percent of the then-present cost at the University of Missouri at Columbia for dormitory costs for room and board. The mother filed a motion to determine amounts due. After an exhaustive process lasting nearly three years, the trial court entered its 41–page second amended order and judgment, ordering the father to pay the mother a total of $37,104.54. The father appeals.

In Point II, the father challenges the trial court's order that he pay $20,806.83 for rent, utility, and food costs for three of the parties' children. In his second subpoint contained in Point II, the father complains that he was ordered to pay 100 percent of these expenses instead of the eighty percent required by the earlier judgment.

We will affirm the judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976); *Atchley v. Atchley*, 334 S.W.3d 709, 712 (Mo.App. E.D.2011).

The mother identified costs for rent, food, and utilities for three of the children as part of the amount the father owed for each child's respective college expenses. The trial court calculated these costs as a separate category totaling $20,806.83.

Our review of the evidence reveals that the trial court inadvertently miscalculated these expenses. In its 41–page judgment, the trial court miscalculated this one expense category, and assessed 100 percent of the costs for rent, utilities, and food to the father. The trial court derived its figures from the mother's evidence of gross college expenses paid for each child, each semester, before the mother's exhibit set forth her calculation of the father's obligation for eighty percent of the expenses.

Missouri Supreme Court Rule 84.14 allows the appellate court to "give such judgment as the court ought to give. Unless justice otherwise requires, the court shall dispose finally of the case." On review, we may dispense with a remand and render the judgment that the trial court should have rendered when the record and evidence give us confidence in the reasonableness, fairness, and accuracy of the conclusion reached. *LaRocca v. LaRocca*, 135 S.W.3d 522, 526 (Mo.App. E.D. 2004). This is such a case.

We affirm the trial court's inclusion of the cost of the children's rent, utilities, and food in the second amended judgment. We have provided the parties with a memorandum setting forth the reasons for this decision. However, because the trial court inadvertently assessed 100 percent of the cost to the father, we modify the judgment so that the father is ordered to pay $16,645.46 as his obligation for eighty percent of the rent, utilities, and food costs for three of the children. Thus, we modify the total amount of the second amended judgment entered against the father to

$32,943.17. We affirm the judgment as modified.

PATRICIA L. COHEN, J., and KURT S. ODENWALD, J., concur.