Anthony P. HARRIS, Appellant,

v.

Gloria M. HARRIS, Respondent.

No. ED 99276.

Missouri Court of Appeals,
Eastern District,
Division Four.

Oct. 29, 2013.

Joseph F. Yeckel, Clayton, MO, for appellant.

Gloria M. Harris, St. Louis, MO, pro se.

PATRICIA L. COHEN, Judge.

### Introduction

Anthony Harris (Father) appeals the trial court's judgment and decree of dissolution of marriage. Father claims the trial court erred in: (1) calculating Father's child support obligation because Father was entitled to an adjustment for overnight visitation; (2) characterizing the physical custody award as sole physical custody to the mother; and (3) awarding the mother her entire pension. We reverse and remand as to Father's first point on appeal. With respect to Father's second and third points, we affirm the trial court's judgment pursuant to Rule 84.16(b).[1]

### Factual and Procedural Background

Father and Gloria Harris (Mother) married on October 12, 2005. The parties had one child, L.H. (Son), born during the marriage. Father and Mother separated in April 2011, and Father filed his petition for dissolution in September 2011.

The trial court conducted a hearing on the petition for dissolution. Father submitted to the trial court a parenting plan, in which he sought joint legal custody of Son with sole physical custody to Mother and "visitation" to Father every weekend and on rotating holidays. At the hearing, Father testified that he earned a gross monthly income of approximately $2,200 as a truck driver. In addition to L.H., Father had two children for whom he paid child support in the amount of $600 per month.

Mother testified that she earned a gross monthly income of $3,754 as a full-time employee at Wal–Mart. Mother believed Father earned $44,855 per year. Mother paid $85 per week for Son's before- and after-school childcare and $60 per month for Son's medical and dental insurance coverage.

The trial court entered a final judgment and decree of dissolution on September 21, 2012. The trial court awarded custody and visitation in accordance with the parenting plan submitted by Father. The trial court found that: Husband earned the gross sum of $3,738 per month; Mother earned the gross sum of $3,754.00 per month; medical and dental insurance for the benefit of Son was available through Mother's employer for the amount of $50 and $15 per month, respectively; and Mother incurred work-related childcare costs of $340 per month. The trial court completed a Form 14, which it incorporated into the judgment, and ordered Father to provide Mother child support in the amount of $605 per month. The trial court did not adjust Father's child support obli-

---

1. We have reviewed Father's second and third points on appeal and find no trial court error. An extended opinion as to those points would have neither precedential nor jurisprudential value. Therefore, Father's second and third points are affirmed in accordance with Rule 84.16(b). We have furnished the parties a memorandum setting forth the reasons for our decision.

gation for the overnight periods Son would spend with Father.

Father filed a motion to amend or modify judgment or in the alternative a motion for new trial, which the trial court denied after a hearing. Father appeals.[2]

### Standard of Review

Our review of a judgment of dissolution is the same as for any court-tried action. *LaRocca v. LaRocca*, 135 S.W.3d 522, 524 (Mo.App.E.D.2004). We must affirm the judgment unless there is no substantial evidence to support the decision, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

### Discussion

In his first point on appeal, Father claims the trial court erred in ordering Father to pay Mother $605 per month in child support because the court "failed to make an adjustment to his child support amount on account of the significant amount of overnight visitation or custody [Father] received." More specifically, Father asserts that, because the trial court granted Father more than 109 nights per year in visitation or custody, it was required to adjust Father's child support obligation by 10 to 50 percent. We agree.

An award of child support is within the sound discretion of the trial court, and this court will not substitute its judgment for that of the trial court. *Russell v. Russell*, 210 S.W.3d 191, 198 (Mo. banc 2007). When the trial court calculates child support pursuant to the guidelines set forth in Rule 88.01 and Civil Procedure Form No. 14 (Form 14), we presume the amount calculated is correct. Rule 88.01(a); *Hatchette v. Hatchette*, 57 S.W.3d 884, 891 (Mo.App.W.D.2001).

Line 11 of Form 14 provides an adjustment in child support for overnight periods the child will spend with the parent paying support. *Russell*, 210 S.W.3d at 198. "If the paying parent has custody or visitation of the child between 92 and 109 days per year, the circuit court must make a ten percent adjustment in the child support obligation." *Id.* "However, 'if the parent obligated to pay child support is or has been awarded periods of overnight visitation or custody of more than 109 days per year,' the overnight adjustment may be greater than ten percent." *Id.* (quoting *Krost v. Krost*, 133 S.W.3d 117, 121 (Mo. App.E.D.2004)).

Under the parenting plan adopted by the trial court, Father has custody of Son every weekend from 6:00 p.m. on Friday until 6:00 p.m. on Sunday and rotating holidays. Accordingly, Father has custody of Son for more than 109 days per year and is, therefore, entitled to a Line 11 adjustment of at least 10 percent. *See, e.g., Gray v. Gray*, 239 S.W.3d 639, 646 (Mo.App.E.D.2007). The trial court abused its discretion in failing to grant Father an adjustment in child support. Point granted.

### Conclusion

We reverse the judgment only with respect to the calculation of child support and remand for the trial court to adjust Father's child support obligations to account for his overnight visitation.

LISA S. VAN AMBURG, P.J., and GARY M. GAERTNER, Jr., J., concur.

---

**2.** Mother has not filed a responsive brief in this appeal.